THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS GRIJALVA-MARTINEZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EXTENSION OF TIME**<br><br>Case No. 4:19-cr-00003-DN-PK<br><br>District Judge David Nuffer |

Defendant Jesus Grijalva-Martinez filed a motion seeking a 90-day extension of time to file a motion under 28 U.S.C. § 2255 ("Motion").[1] "The Antiterrorism and Effective Death Penalty Act (AEDPA) (of 1996) amended 28 U.S.C. § 2255 to allow federal prisoners one year from the date on which the judgment of their conviction became final to file a motion to vacate, set aside or correct their sentence."[2] And district courts are not permitted to alter that limitations period in a prisoner's underlying criminal case. Therefore, Defendant's Motion[3] is DENIED.

## DISCUSSION

Defendant asserts in his Motion that he is concerned he will not be able to timely file a § 2255 motion because he has not received requested contact information for his trial counsel, as well as documents from his counsel and the court.[4] Regardless of the merits of the request, the relief Defendant seeks cannot be given in this criminal case. "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes

---

[1] Motion for Extension of Time to File a § 2255 Motion ("Motion"), docket no. 358, filed September 6, 2022.

[2] *United States v. Burch*, 202 F.3d 1274, 1275 (10th Cir. 2000).

[3] Docket no. 358, filed September 6, 2022.

[4] Motion at 1.

final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process."[5] Extending the limitations period beyond one year will "frustrat[e] the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final unless any of the other circumstances in 28. U.S.C. § 2255 are applicable."[6] If Defendant desires additional time relating to a § 2255 motion, he must first initiate § 2255 case and seek such relief in the § 2255 case.

Regardless, Defendant still has ample time to file a § 2255 motion. The one-year limitation to file a § 2255 motion "run[s] from the *latest* of" four events,[7] one of which is "the date on which the judgment of conviction becomes final."[8] "Becoming final" includes when a conviction is entered by a district court;[9] when a court of appeals affirms that conviction or the time for an appeal expires;[10] and when the Supreme Court "affirms on the merits, denies a petition for writ of certiorari, or the time to file a certiorari petition expires."[11] Defendant's conviction in district court entered September 23, 2021.[12] Defendant timely appealed the conviction,[13] and the conviction was affirmed by the Tenth Circuit Court of Appeals on March 22, 2022.[14] Defendant had 90 days from when the Tenth Circuit's affirmance was entered, until June 20, 2022, to file a writ of certiorari to the Supreme Court.[15] At the earliest, Defendant's

---

[5] *Washington v. United States*, 221 F.3d 1354, 1 (10th Cir. 2000).

[6] *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999).

[7] 28 U.S.C. § 2255(f) (emphasis added).

[8] *Id*. § 2255(f)(1).

[9] *Burch*, 202 F.3d at 1276.

[10] *Id.*

[11] *Id.*

[12] Judgment in a Criminal Case, docket no. 340, filed September 23, 2021.

[13] Notice of Appeal, docket no. 342, filed October 1, 2021.

[14] Order and Judgment, docket no. 356, filed March 22, 2022.

[15] U.S. Sup. Ct. R. 13(1), (3); *See Miscellaneous Order*, Order List: 594 U.S. Monday, July 19, 2021.

one-year limitation period would not run until March 22, 2023,[16] approximately 6 months from now.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[17] is DENIED.

Signed September 19, 2022.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[16] 28 U.S.C. § 2255(f)(1).

[17] Docket no. 358, filed September 6, 2022.